**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

**HANGER ENRIQUE PEREA MENDEZ,** )
)
**Petitioner,** )
)
**v.** ) **Case No. CIV-26-2402-SLP**
)
**WARDEN, Diamondback Correctional Facility, et al.,** )
)
**Respondents.** )

**REPORT AND RECOMMENDATION**

Petitioner Hanger Enrique Perea Mendez, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, and Memorandum in Support, Doc. 2, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition, in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on December 17, 2023, without inspection or admission near Eagle Pass, Texas, and was taken into immigration custody on the same day. Doc. 2 at 1; Resp. at 2; Doc. 9-3 at 1 (Notice to Appear). On December 20, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 2 at 2; Doc. 9-3 at 1. The same day, Petitioner was released on an Order of Release on Recognizance under 8 U.S.C. § 1226. Doc. 2 at 1; Doc. 9-2 (Order of Release on Recognizance). On April 4, 2024, Petitioner filed an application for asylum, which remains pending. Doc. 2 at 1; Doc. 9-1 at 1 (Asylum Application).

On August 22, 2026, ICE re-detained Petitioner after taking custody of him during a traffic stop in Eastland County, Texas. Pet. at 2; Resp. at 2; Doc. 9-4 at 1. Petitioner does not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 9, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Unlawful Re-detention after Release.** Petitioner alleges his re-detention, while traveling to work, was unlawful because he had been released on his own recognizance in December 2023. Pet. at 6.

- **Count II: Denial of Due Process**. Petitioner alleges his continued detention "without identifying a release violation, giving an individualized explanation, or affording a meaningful opportunity to contest the termination of release" violates his due process. *Id*.

- **Count III**: **Arbitrary Detention without Individualized Necessity.** Petitioner alleges "the available record identifies no danger or flight-risk finding" given his absence of criminal record, steady employment, and asylum application. *Id*. (citation modified).

- **Count IV**: **No Identified Basis for Current Detentio**n. Petitioner asks Respondents to "identify the current detention statute and produce the August 2026 warrant" to support his detention. *Id*. at 7.

Petitioner requests "immediate release under his prior conditions of supervision." *Id.*

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

While Petitioner does not explicitly allege a violation of the Immigration and Nationality Act ("INA"), to determine what process is due to him, the Court must first

analyze what provision governs his detention. The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner does not specifically allege which statutory provision governs his re-detention. He recognizes, though, his earlier immigration documents (I-200, I-286, and I-220A) "all invoked section 236," and he was "not designate[d]" as an "arriving alien" when released in December 2023. Pet. at 7. Rather than addressing the statutory basis for Petitioner's re-detention, Respondents argue that no regulatory violation occurred that warrants habeas relief. Resp. at 3-7.

Petitioner was re-detained in the interior of the country and had been living in the United States since his release in December 2023. The Tenth Circuit recently applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*,

180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Lopez v. Corecivic Cimmaron Correctional Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at *1 (W.D. Okla. July 7, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[2]

---

[2] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026 WL 2661092, at *20-21 (4th Cir. Sep. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner requests "immediate release under his prior conditions of supervision." Pet. at 7. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Kumar*, 2026 WL 1960943, at *2 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g.*, *Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). Thus, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing

under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[3]

### C. The Court should decline to address Petitioner's remaining claims.

Petitioner also argues the revocation of his prior release and his continued detention violate his rights to due process. Pet. at 6-7. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the Court should decline to decide the merits of his due process claims based on revocation of release and his continued detention. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 19, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 22, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 9th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE