**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

HANGER ENRIQUE PEREA MENDEZ, )
)
Petitioner, )
)
v. ) Case No. CIV-26-2402-SLP
)
WARDEN, Diamondback Correctional Facility, et al., )
)
)
Respondents. )

**O R D E R**

Petitioner, Hanger Enrique Perea Mendez, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Both Petitioner and Respondents have filed an Objection [Doc. Nos. 12 and 13], and the matter is at issue.[1] The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

[1] Neither party filed a response to the opposing parties' respective objection and the time to do so has passed.

## I. **Background**

Petitioner, a citizen of Venezuela, entered the United States on or around December 17, 2023, near Eagle Pass, Texas and was taken into the custody of immigration authorities that same day. On December 20, 2023, Petitioner was placed by United States Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and was charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). That same day, Petitioner was subsequently released from custody on an Order of Release on Recognizance under 8 U.S.C. § 1226.

On August 22, 2026, Petitioner was re-detained by ICE during a traffic stop in Eastland County, Texas. Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A). When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On September 8, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act, a violation of his due process rights under the Fifth Amendment to the United States Constitution, and violations of Respondents' own regulations. As relief, Petitioner seeks release from custody under the prior conditions of his order of release on recognizance.

## II. **Discussion**

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) days or, in the alternative, for Respondents to

release Petitioner from custody. Furthermore, the Magistrate Judge recommended that the Court decline to address Petitioner's remaining claims.

In their Objection, Respondents appear to acknowledge that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[2] The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees. *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026); *see also Kudratov v. Siegel*, No. CIV-26-83-SLP, 2026 WL 1232387 at *2 (W.D. Okla. May 5, 2026) (rejecting the respondents' contention that the filing of an application for asylum equates to seeking admission under § 1225(b)(2)). The Court's previous determinations are in accord with the Tenth Circuit, as well as the vast majority of Circuit Courts, that § 1226(a) governs such detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[3]

---

[2] Respondents nonetheless state they do not intend to waive appellate review and they do not concede that *Santillan Quiroz* was correctly decided.

[3] Only two circuits – the Fifth and Eighth – have held that the mandatory detention scheme under § 1225(b)(2) governs. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Herrera Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). On October 1, the U.S. Supreme Court granted certiorari in *Barbosa da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026) to resolve the circuit split. *See id.*, *cert. granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

Petitioner objects on the basis that the Magistrate Judge erred in declining to reach his due process claim. Petitioner asserts that his due process rights were violated as his order of release on recognizance was improperly revoked. In determining whether Petitioner's due process rights were violated, the Court must consider (1) whether the Petitioner possesses a protected property or liberty interest to which due process protections apply and, if so, (2) whether they were afforded an appropriate level of process. *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019). Upon the Court's review of the submissions in this matter, the Court finds that Petitioner has a protected liberty interest in his conditional release on his own recognizance. *See Singh*, 824 F. Supp. 3d at 1210-11 (finding that a § 2241 petitioner, previously released on their own recognizance, had a liberty interest in their conditional parole); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *see also Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (finding that "those released on criminal parole are entitled to due process before having their parole revoked."); *Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) (". . .[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent.")

Having found that the Petitioner has a protected liberty interest arising from his release on his own recognizance, the Court must then determine what level of process is owed to the Petitioner. *See Tomsic*, 926 F.3d at 614. Petitioner's position is that the appropriate level of process owed is his release from detention. However, on the immediate record, the Court finds that the appropriate relief is for Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. *See Velasquez Salazar v. Dedos*, 806 F.

Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an [immigration judge]."); *Ochilov v. Grant*, 2026 WL 1896139, at *2 (finding that the appropriate remedy for a § 2241 Petitioner's due process claim is a bond hearing under § 1226.); *Chiliquinga Sigcho v. Blanche*, No. 1:26-CV-00252-WJ-GBW, 2026 WL 2018492, at *1 (D.N.M. July 13, 2026) ("Petitioner requests immediate release. The Court concludes, however, that the appropriate remedy is to afford Petitioner the process to which he is entitled under § 1226.); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on October 30, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[4]

---

[4] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**